# EXHIBIT A

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 2 of 65 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

CHARLES L. LATIMORE,

                                    Plaintiff,

            -against-

JUAN ROMAN and A. DUIE PYLE, INC.,

                                    Defendants.
------------------------------------------------------------------X

Index No.: **511789/2021**
Date Purchased: 05.18.2021

**AMENDED SUMMONS**

Plaintiff designates KINGS County
as the place of trial.

The basis of venue: Place of
occurrence

**TO THE ABOVE-NAMED DEFENDANTS:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the
day of service, where service is made by delivery upon you personally within the state, or, within 30
days after completion of service where service is made in any other manner. In case of your failure
to appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Brooklyn, New York
      October 6, 2021

Yours, etc.

_I. Tarasov_

Igor Tarasov, Esq.
LAW OFFICES OF TARASOV &
ASSOCIATES
Attorneys for Plaintiff
2566 86TH Street, Suite 2
Brooklyn, New York 11214
(718) 368-0690
Our File No.: 17166

**DEFENDANTS' ADDRESSES:**

**JUAN ROMAN**
**7 Hillside Terrace**
**Seymour, Connecticut 06483**

Case 1:22-cv-01934-FB-CLP    Document 1-1    Filed 04/05/22    Page 3 of 65 PageID #: 8

INDEX NO. 511789/2021

RECEIVED NYSCEF: 10/06/2021

A. DUIE PYLE, INC
C/O SOBEL PEVZNER, LLC
Attorneys for Defendants
30 Vesey Street, 8th Floor
New York, New York 10007

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 4 of 65 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X   Index No.: **511789/2021**

CHARLES L. LATIMORE,

                               Plaintiff,        **AMENDED**

      -against-                           **VERIFIED**
                                             **COMPLAINT**

JUAN ROMAN and A. DUIE PYLE, INC.,

                            Defendants.

------------------------------------------------------------------------X

        Plaintiff, CHARLES L. LATIMORE, by his attorneys, LAW OFFICES OF TARASOV &

ASSOCIATES, P.C., complaining of the defendants, respectfully alleges, upon information and

belief:

1.      That at all times herein mentioned, plaintiff, CHARLES L. LATIMORE, was, and still is, a

resident of the County of Kings, City and State of New York.

2.      That at all times herein mentioned, defendant, JUAN ROMAN, was, and still is, a resident of

the State of Connecticut.

3.      That at all times mentioned herein, defendant, A. DUIE PYLE, INC., was and still is a

foreign business corporation duly organized and existing under and by virtue of the laws of a state

other than the State of New York but licensed to do business within the State of New York.

4.      That at all times mentioned herein, defendant, A. DUIE PYLE, INC., was and is a business

entity duly organized and existing pursuant to the laws of a state other than the State of New York

but doing business within the State of New York.

5.      That at all times herein mentioned, defendant, A. DUIE PYLE, INC, was the owner of a

certain 2015 Volvo motor vehicle bearing Connecticut State registration number 56756A.

6.      Upon information and belief, that at all times and places hereinafter mentioned, defendant,

A. DUIE PYLE, INC., was the lessee of the aforesaid motor vehicle bearing Connecticut State

registration number 56756A.

7.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, A. DUIE PYLE, INC., was the lessor of the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

8.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, A. DUIE PYLE, INC., maintained the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

9.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, A. DUIE PYLE, INC., managed the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

10.     Upon information and belief, that at all times and places hereinafter mentioned, defendant, A. DUIE PYLE, INC., controlled the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

11.     Upon information and belief, that at all times and places hereinafter mentioned, defendant, A. DUIE PYLE, INC., inspected the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

12.     Upon information and belief, that at all times and places hereinafter mentioned, defendant, A. DUIE PYLE, INC., repaired the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

13.     That at all times herein mentioned, defendant, JUAN ROMAN, was the operator of a certain 2015 Volvo motor vehicle bearing Connecticut State registration number 56756A.

14.     That on November 4, 2020, and at all times hereinafter mentioned defendant, JUAN ROMAN, operated the aforementioned motor vehicle with the express permission of defendant, A. DUIE PYLE, INC.

15.     That on November 4, 2020, and at all times hereinafter mentioned defendant, JUAN ROMAN, operated the aforementioned motor vehicle with the express consent of defendant,

Case 1:22-cv-01934-FB-CLP    Document 1-1    Filed 04/05/22    Page 6 of 65 PageID #: 11

A. DUIE PYLE, INC.

16.   That on November 4, 2020, and at all times hereinafter mentioned defendant, JUAN

ROMAN, operated the aforementioned motor vehicle with the express knowledge of defendant,

A. DUIE PYLE, INC.

17.   That on November 4, 2020, and at all times hereinafter mentioned defendant, JUAN

ROMAN, operated the aforementioned motor vehicle with the implied permission of defendant,

A. DUIE PYLE, INC.

18.   That on November 4, 2020, and at all times hereinafter mentioned defendant, JUAN

ROMAN, operated the aforementioned motor vehicle with the implied consent of defendant,

A. DUIE PYLE, INC.

19.   That on November 4, 2020, and at all times hereinafter mentioned defendant, JUAN

ROMAN, operated the aforementioned motor vehicle with the implied knowledge of defendant,

A. DUIE PYLE, INC.

20.   Upon information and belief, that at all times and places hereinafter mentioned, defendant,

JUAN ROMAN, was the lessee of the aforesaid motor vehicle bearing Connecticut State registration

number 56756A.

21.   Upon information and belief, that at all times and places hereinafter mentioned, defendant,

JUAN ROMAN, was the lessor of the aforesaid motor vehicle bearing Connecticut State registration

number 56756A.

22.   Upon information and belief, that at all times and places hereinafter mentioned, defendant,

JUAN ROMAN, maintained the aforesaid motor vehicle bearing Connecticut State registration

number 56756A.

23.   Upon information and belief, that at all times and places hereinafter mentioned, defendant,

JUAN ROMAN, managed the aforesaid motor vehicle bearing Connecticut State registration

number 56756A.

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 7 of 65 PageID #: 12

24.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, JUAN ROMAN, controlled the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

25.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, JUAN ROMAN, inspected the aforesaid motor vehicle bearing Connecticut State registration number 56756A.

26.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, JUAN ROMAN, repaired the aforesaid motor vehicle Connecticut State registration number 56756A.

27.      That at all times herein mentioned, Hinsdale Street, in front of the property, known as 69 Hinsdale Street, in the County of Kings, City and State of New York, was and still is a public roadway, street and/or thoroughfare in common use of the residents of the State of New York and others.

28.      That on November 4, 2020, plaintiff, CHARLES L. LATIMORE, was lawfully and properly operating a motor vehicle at the aforementioned location.

29.      That on November 4, 2020, defendant, JUAN ROMAN, was operating the motor vehicle, owned by defendant, A. DUIE PYLE, INC., at the aforementioned location.

30.      Upon information and belief, that at all times and places hereinafter mentioned, defendant, JUAN ROMAN, was responsible for the proper and prudent operation of the aforesaid motor vehicle.

31.      That on November 4, 2020, at the aforementioned location, the aforesaid motor vehicle, owned by defendant, A. DUIE PYLE, INC. and operated by defendant, JUAN ROMAN, struck the motor vehicle, owned and operated by plaintiff, CHARLES L. LATIMORE.

32.      That on or about November 4, 2020, at approximately 10:44 A.M., the subject motor vehicle, owned by defendant, A. DUIE PYLE, INC. and operated by defendant, JUAN ROMAN,

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 8 of 65 PageID #: 13

came into contact with the motor vehicle, owned and operated by plaintiff, CHARLES L.

LATIMORE.

33.     That as a result thereof, the plaintiff, was caused to sustain severe and serious injuries.

34.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of

the defendants without any fault or negligence on the part of the plaintiff contributing thereto.

35.     That defendants were negligent, careless and reckless in the ownership, operation,

management, maintenance, supervision, use and control of the aforesaid motor vehicle and the

defendants were otherwise negligent, careless and reckless under the circumstances then and there

prevailing.

36.     That as a result of the aforesaid occurrence, the plaintiff, was rendered sick, sore, lame and

disabled and has remained so since the said occurrence. The plaintiff, CHARLES L. LATIMORE,

continues to suffer mental anguish and great physical pain. He has been compelled to undergo

medical aid, treatment and attention and expand money and incur obligations for physicians'

services, medical and hospital expenses for the care and treatment of his injuries; and upon

information and belief, he will be compelled to expend additional sums of money and incur further

obligations in the future for additional physicians' services, medical and hospital expenses for the

further care and treatment of his injuries. Plaintiff, CHARLES L. LATIMORE, has been

incapacitated from attending to his usual duties, functions, occupations, vocations and avocations,

and in other ways he was damaged, and upon information and belief may be so incapacitated in the

future and will suffer pecuniary losses.

37.     That by reason of the foregoing, plaintiff, CHARLES L. LATIMORE, sustained a serious

injury as defined by New York State Insurance Law Section 5102(d).

38.     That by reason of the foregoing, plaintiff, CHARLES L. LATIMORE, sustained serious

injuries and economic loss greater than basic economic loss as defined by Section 5104 of the New

York State Insurance Law.

39.     That plaintiff, CHARLES L. LATIMORE, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances of this action

40.     Upon information and belief, that this action falls within one or more of the exceptions enunciated in Section 1601 and 1602 of the New York CPLR.

41.     The amount of damages sought in this action by plaintiff exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, CHARLES L. LATIMORE, demands judgment against the defendants, JUAN ROMAN and A. DUIE PYLE, INC., herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
     October 6, 2021

                          Yours, etc.

                          Igor Tarasov, Esq.
                          LAW OFFICES OF TARASOV & ASSOCIATES
                          Attorneys for Plaintiff
                          2566 86th Street, Suite 2
                          Brooklyn, New York 11214
                          (718) 368-0690
                          Our File No.: 17166

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK          )
COUNTY OF KINGS          ) ss:

I, _CHARLES LATIMORE_____, being duly sworn, depose and say:

I am ___✓___ *the* _____ *one of the* ___✓___ *Plaintiff(s)* _____ *Defendant(s)* in the within action.

I have read the foregoing _____ *COMPLAINT* ___✓___ *AMENDED COMPLAINT*
_____ *BILL OF PARTICULARS* _____ *SUPPLEMENTAL BILL OF PARTICULARS* and know
the contents thereof. The same is true to my own knowledge, except as to the matters therein
stated to be alleged on information and belief, and as to those matters I believe it to be true. The
grounds to my belief as to all matters not stated upon my own knowledge are from information
obtained due to my involvement with this case.

x _C Latimore_____

Sworn to before me this

_6__ day of _OCTOBER_, 20 _21_

_____
Notary Public

Anatoly Petrikovsky
Commissioner of Deeds
City of New York
No. 5-1790
Certificate Filed in Kings County
Commission Expires March 1, 20_22_

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 11 of 65 PageID #: 16

Index No.: **511789/2021**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------------------------

CHARLES L. LATIMORE,

                           Plaintiff,

         -against -

JUAN ROMAN and A. DUIE PYLE, INC.,

                        Defendants.

---

# SUMMONS AND VERIFIED COMPLAINT

---

## LAW OFFICES OF TARASOV & ASSOCIATES, P.C.

**Attorneys for Plaintiff**
**2566 86TH Street, Suite 2**
**Brooklyn, New York 11214**
**Phone: (718) 368-0690**
**Fax: (718) 368-0692**

# EXHIBIT B

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 13 of 65 PageID #: 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
CHARLES J. LATIMORE,

                         Plaintiff,

  -against-

JUAN ROMAN and A. DUIE PYLE, INC.,

                     Defendants.

-------------------------------------------------------------------X

**RESPONSE TO NOTICE
TO ADMIT**

Index No.: 511789/2021

        **PLEASE TAKE NOTICE**, that the following is Plaintiff's Response to Defendants' Notice

to Admit dated September 7, 2021:

        1.     Admit.

Dated:      New York, New York
             March 30, 2022

                              Yours, etc.,

                              Ashley N. Jacoby
                              WINGATE RUSSOTTI SHAPIRO
                              MOSES & HALPERIN, LLP
                              Attorneys for Plaintiff(s)
                              420 Lexington Avenue, Suite 2700
                              New York, NY 10170
                              (212) 986-7353

TO:     Sobel Pevzner, LLC
        Attorney For: JUAN ROMAN and A. DUIE PYLE, INC.
        30 Vesey Street, 8th Floor
        New York, NY 10007
        Phone: (212) 216-0020

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 14 of 65 PageID #: 19

Index No. 511789/2021
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

CHARLES J. LATIMORE,

                Plaintiff,

  - against -

JUAN ROMAN and A. DUIE PYLE, INC.,

                Defendant(s).

## RESPONSE TO NOTICE TO ADMIT

## WINGATE RUSSOTTI SHAPIRO MOSES & HALPERIN, LLP

*Attorneys for Plaintiff*
**420 Lexington Avenue**
**Suite 2700**
**New York, New York 10170**
**(212) 986-7353**
*Facsimile* **(212) 953-4308**

TO:  Sobel Pevzner, LLC
      Attorney For: JUAN ROMAN and A. DUIE PYLE, INC.
      30 Vesey Street, 8th Floor
      New York, NY 10007
      Phone: (212) 216-0020

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x

CHARLES L. LATIMORE,                                   Index No: 511789/2021

                    Plaintiff,

- against -

                                                                           **NOTICE TO ADMIT**

JUAN ROMAN and
RYDER TRUCK RENTAL, INC.,

                           Defendants.
------------------------------------------------------------------------x

        **PLEASE TAKE NOTICE** that pursuant to CPLR § 3123, you are required to admit the

truthfulness of the following statements within twenty (20) days hereof:

      1.      The amount of damages claimed by plaintiff, Charles L. Latimore, in this action
            exceeds the sum or value of $75,000 (seventy-five thousand dollars).

        **PLEASE TAKE FURTHER NOTICE** that failure to comply with this demand within

twenty (20) days will serve as a basis of a motion seeking appropriate relief.

        **PLEASE TAKE FURTHER NOTICE** that this demand is a continuing demand and the

demanding party will object at the time of trial to the introduction of any testimony or evidence

which flows from the existence of such documents or information which have not been produced.

Dated: New York, New York
       September 7, 2021

                                     SOBEL PEVZNER, LLC

                    By:   _____
                                     NICHOLAS GRAVES, ESQ.
                                     *Attorneys for Defendants*
                                     JUAN ROMAN and
                                     RYDER TRUCK RENTAL, INC
                                     30 Vesey Street, 8th Floor
                                     New York, New York 10007

TO:    IGOR TARASOV, ESQ.
       TARASOV & ASSOCIATES, P.C.
       *Attorney for Plaintiff*
       **CHARLES L. LATIMORE**
       2566 86th Street.

Brooklyn, NY 11214
Tel: 718-368-0690

Index No.: 511789/2021
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

**CHARLES L. LATIMORE,**

Plaintiff,

- against -

**JUAN ROMAN and RYDER TRUCK RENTAL, INC.,**

Defendants,

## NOTICE TO ADMIT

Signature (Rule 130-1.1-a)

*Nicholas Graves*

**Nicholas Graves, Esq.**

**SOBEL PEVZNER, LLC**
*Attorneys for Defendants*
**JUAN ROMAN and**
**RYDER TRUCK RENTAL, INC.**
30 Vesey Street, 8th Floor
New York, New York 10007
Office      (212) 216-0020
Facsimile (646) 688-3646

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
CHARLES L. LATIMORE,                                    Index No: 511789/2021
                                    Plaintiff,

- against -

JUAN ROMAN and A. DUIE PYLE, INC.,


                                    Defendants.
------------------------------------------------------------------------x

### ATTORNEY'S CERTIFICATION
### Section 130.1.1 (22 NYCRR)

Papers served:

VERIFIED ANSWER TO AMENDED COMPLAINT,
DEMAND FOR VERIFIED BILL OF PARTICULARS,
NOTICE TO PRODUCE,
EXPERT WITNESS DEMAND,
MEDICAL DEMAND,
DEMAND FOR SOCIAL NETWORKING INFORMAITON,
DEMAND FOR DAMAGES,
NOTICE TO TAKE DEPOSITION,
NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL
DEMAND PURSUANT TO SECTION 111 OF THE MMSEA,
NOTICE TO PRODUCE PHOTOGRAPHS,
NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND
EMPLOYMENT RECORDS,
NOTICE FOR DISCOVERY AND INSPECTION FOR COLLATERAL
SOURCE REIMBURSEMENT,
DEMAND FOR WORKERS' COMPENSATION RECORDS,
NOTICE OF DISCOVERY AND INSPECTION OF BIRTH CERTIFICATE,
DEMAND FOR STATEMENTS

Yours, etc.

BY:

CURTIS SOBEL, ESQ.
SOBEL PEVZNER, LLC
*Attorneys for Defendants*
**JUAN ROMAN and**
**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 21 of 65 PageID #: 26

TO:   ASHLEY NICOLE JACOBY, ESQ.
WINGATE, RUSSOTTI, SHAPIRO
MOSES & HALPERIN, LLP
*Attorney for Plaintiff*
**CHARLES L. LATIMORE**
420 Lexington Ave. Suite 2700
New York, NY 10170
Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP Document 1-1 Filed 04/05/22 Page 22 of 65 PageID #: 27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x

CHARLES L. LATIMORE,                                    Index No.: 511789/2021

                            Plaintiff,

- against -
                                                        **VERIFIED ANSWER**

JUAN ROMAN and A. DUIE PYLE, INC.,

                            Defendants.
------------------------------------------------------------------------x

SIRS:

The Defendants, JUAN ROMAN and A. DUIE PYLE, INC., by and through their attorneys, SOBEL PEVZNER, LLC, answer the Amended Verified Complaint of the Plaintiff, CHARLES L. LATIMORE, upon information and belief as follows:

1.     Defendants deny having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "1", "27" and "39" of the Plaintiff's Amended Verified Complaint.

2.     Defendants deny each and every allegation contained in paragraph "2" of the Plaintiff's Amended Verified Complaint except admit that on November 4, 2020, Defendant JUAN ROMAN, was a resident of the State of Connecticut.

3.     Defendants deny each and every allegation contained in paragraphs "3", "4", "5", "6", "7", "8", "9", "10", "11" and "12" of the Verified Complaint except admit that Defendant, A. DUIE PYLE, INC., is a foreign business corporation authorized to conduct business in the State of New York.

4.     Defendants deny each and every allegation contained in paragraphs 13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "29" and "30" of the

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 23 of 65 PageID #: 28

Plaintiff's Amended Verified Complaint except admit that on November 4, 2020, Defendant, JUAN ROMAN, operated a 2015 Volvo motor vehicle bearing Connecticut State registration number 56756A.

5.      Defendants deny each and every allegation contained in paragraphs "28", "33", "34", "35" and "36" of the Plaintiff's Amended Verified Complaint.

6.      Defendants deny each and every allegation contained in paragraph "31" and "32" of the Plaintiff's Amended Verified Complaint except admits that on November 4, 2020, vehicle operated by plaintiff by, CHARLES L. LATIMORE, collided with the vehicle operated by Defendant, JUAN ROMAN.

7.      Defendants deny each and every allegation contained in paragraphs "37", "38", "40" and "41" of the Plaintiff's Amended Verified Complaint and refer all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.      That if the Plaintiff sustained the injuries and damages alleged in the Verified Complaint the same were wholly caused by the culpable conduct of and/or assumption of the risk of the Plaintiffs and the Defendants are entitled to judgment dismissing the Verified Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.      That the damages allegedly suffered by the injured Plaintiff was caused in whole or in part by the culpable conduct of the injured Plaintiff himself the plaintiff's claim is therefore barred or diminished in the proportion that such culpable conduct of the injured Plaintiff's bears to the total culpable conduct causing the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.     The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.     The injured plaintiff, if he may have sustained any injuries at the time and place, and upon the occasion mentioned in the Verified Complaint assumed the risk of sustaining same under the conditions and circumstances then existing and obvious.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.     In the event Plaintiff recovers a verdict or judgment against these Defendants, then said verdict or judgment must be reduced pursuant to CPLR § 4545 (c) by those amounts which have been or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past future claimed economic loss, from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.     If the Plaintiff prevails at trial, then the Defendants intend to ask the Court to reduce any award to the Plaintiffs for loss of earnings, or impairment of earning ability, in accordance with New York Civil Practice Law and Rules § 4546.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14.     The plaintiffs did not sustain serious injury as defined by Section 5102 of the Insurance Law of the State of New York, and exclusive remedy therefore is confined and limited to the benefits and provisions of Article XVIII of the Insurance Law of the State of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

15.     Plaintiff has failed to name all necessary and indispensable parties as required by CPLR § 1001.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

16.     Plaintiff and his agents and/or representatives knew or could and/or should have discovered any and all apprehended the dangers and/or avoided the damages and could and/or should have avoided damages but failed to do so.

## AS AND FOR A TENTH A AFFIRMATIVE DEFENSE

17.     That the Plaintiff's accident was caused by and/or occurred as a result of the Plaintiff's own reckless and/or negligent conduct.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

18.     Any and all damages, including injuries, surgery, pain and/or suffering were caused in the entirety or in part by plaintiffs.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

19.  The damages claimed by plaintiff, which are expressly denied, were not proximately caused by the Defendants.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

20.     The Plaintiff has failed to state a cause of action against Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

21.     In the event that during or as a result of discovery, facts are disclosed or otherwise revealed that support an affirmative defense not pled, then Defendants reserve their rights and do not waive their rights to plead said affirmative defenses.

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 26 of 65 PageID #: 31

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

22. Upon information and belief that the cause or causes of action set forth in the Complaint did not accrue, nor did any part thereof accrue, within the appropriate statutory period and these action is, therefore barred by the Statute of Limitations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

23. That the Court has no personal jurisdiction over these Defendants.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

24. Defendants reserve their rights to move to transfer venue in these matter based on the CPLR § 503 and under theory of forum non conveniens.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

25. Upon information and belief, that, if the occurrence in question happened as alleged in the Plaintiff's Amended Verified Complaint, and if the Plaintiff failed to make use of an available restraining device in his vehicle, then the injuries alleged in said Verified Complaint were sustained, enhanced, and/or exacerbated as a result of the failure of the Plaintiff to make use of the aforementioned restraining device and the Defendants will be entitled to a reduction of the amount of damages to be recovered by the Plaintiff to the extent that those injuries, their enhancement, and/or exacerbation were the result of the failure.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

26. The answering defendant, A. DUIE PYLE, INC., is not liable pursuant to any and all provisions of the "Graves Amendment." 49 U.S.C. §30106.

**WHEREFORE**, the Defendants, JUAN ROMAN and A. DUIE PYLE, INC., demand judgment dismissing the Verified Complaint in its entirety, or in the alternative, for judgment

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 27 of 65 PageID #: 32

diminish the damages recoverable by the Plaintiff herein, in proportion to the culpable conduct

and negligence attributable to the plaintiff, together with the costs and disbursements of this action.

Dated:  New York, New York
          December 16, 2021

                                  Yours, etc.

                    BY:

                                  CURTIS SOBEL, ESQ.
                                  SOBEL PEVZNER, LLC
                                  ***Attorneys for Defendants***
                                  **JUAN ROMAN and**
                                  **A. DUIE PYLE, INC**
                                  30 Vesey Street, 8th Floor
                                  New York, New York 10007
                                  (212) 216-0020

TO:     ASHLEY NICOLE JACOBY, ESQ.
          WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
          ***Attorney for Plaintiff***
          **CHARLES L. LATIMORE**
          420 Lexington Ave. Suite 2700
          New York, NY 10170
          Tel: 212-986-7353

INDEX NO. 511789/2021
Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 28 of 65 PageID #: 33
RECEIVED NYSCEF: 12/16/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
CHARLES L. LATIMORE

Index No.: 511789/2021

                     Plaintiff,

**VERIFICATION**

     - against -

JUAN **ROMAN** and
A. DUIE PYLE, INC.,

                    Defendants.
-------------------------------------------------------------------x

     I, CURTIS SOBEL, an attorney admitted to practice in the Courts of New York State, state

that I am the attorney for the Defendants in the within action; I have read the foregoing VERIFIED

ANSWER and know the contents thereof; the same is true to my own knowledge, except as to the

matters therein alleged to be on information and belief, and as to those matters I believe it to be

true. The reason this verification is made by me and not by Defendants, is that the Defendants'

principal place of business is in a County other than the County wherein I maintain my office.

     The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Contents of file which constitutes attorney's work product.

     I affirm that the foregoing statements are true, under penalties of perjury.

Dated:     New York, New York
            December 16, 2021

                                           CURTIS SOBEL, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
CHARLES L. LATIMORE,

                        Plaintiff,

    - against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

                    Defendants.
-----------------------------------------------------------------x

Index No.: 511789/2021

**DEMAND FOR VERIFIED
BILL OF PARTICULARS**

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE** that pursuant to the Sections 3041 through 3044 of the Civil

Practice Law and Rules of the State of New York, you are hereby required to serve upon the

undersigned a Verified Bill of Particulars pursuant to the following demand:

1.     State the date and time of day of the occurrence.

2.     State the exact location of the occurrence, setting forth distances and directions of fixed landmarks to permit identification; and the direction in which each vehicle involved was traveling.

3.     State how it is claimed the accident occurred.

4.     State all of the acts and/or omissions constituting the negligence claimed, identifying which acts are attributable to the Defendants.

5.     State any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or that have been violated by the Defendants.

6.     a.     If actual notice is claimed, state when, where and to whom such notice was given and whether such notice was oral or in writing.

            b.     If it is claimed that constructive notice is chargeable to the Defendants, state exactly how long it is claimed the dangerous condition existed prior to the time of the accident.

7.     State the nature and extent of all injuries claimed.

8.      Specify those injuries claimed to be permanent.

9.      Accurately state the length of time the plaintiff was confined to bed.

10.     Accurately state the length of time the plaintiff was confined to home.

11.     State the name and address of each and every hospital, clinic, or institution where any treatment or examination was rendered and the length of time, if any, the plaintiff was confined there.  If not confined to any hospital, so state.

12.     If it is claimed that the plaintiff was treated by any physician other than one at a hospital or clinic as listed in response to demand # 12, supra., give the name and address of each such treating physician.  Accurately state the number of visits it is claimed that plaintiff made to each such physician.

13.     State the names and addresses of any witnesses to the occurrence complained of in the Verified Complaint.

14.     a.      State the occupation of the plaintiff at the time of the alleged accident and average daily, weekly, or monthly earnings;

        b.      State the nature of the plaintiff's employment at the time of the alleged incident.

15.     State the length of time incapacitated from employment.  If none, so state.

16.     State the nature and/or type of work customarily performed by the plaintiff.

17.     If self-employed, state the nature of the self-employment and the business address.

18.     State the total amounts claimed as loss of earnings, including a detailed statement as to how such lost earnings were computed.

19.     If the plaintiff was a student, give the name and address of the school attended, at or about the time of the alleged incident, and accurately state the length of time incapacitated from attending said school.

20.     a)      State whether plaintiff, as a result of this alleged personal injury, has received or will receive payment by a collateral source of any of his economic loss including but not limited to all hospital and medical expenses and lost earnings or benefits).

        b)      If so, state by what collateral source same were paid, (including, but not limited to, insurance, social security, workers compensation, unemployment or employee benefits) and provide documentation.

Case 1:22-cv-01934-FB-CLP    Document 1-1    Filed 04/05/22    Page 31 of 65 PageID #: 36

    c)    If it is claimed that any economic loss was not paid by any collateral sources, please itemize and provide documentation of same.

    d)    Please itemize any offset claimed by CPLR §4545(c) and provide documentation of same.

21.    State the total amounts claimed as special damages for:

    a.    Physicians expenses
    b.    Medical expenses
    c.    Therapists and Chiropractic expenses
    d.    Nurses expenses
    e.    Hospital expenses
    f.    Any other expenses which it is claimed resulted from this alleged incident.

22.    State the residence address, social security number and date of birth of the Plaintiff.

23.    If a claim for property damage is being asserted, accurately state cost of property alleged to have been damaged and its value before and after the occurrence.

24.    Itemized list of the property damage claimed, including the cost of repairing each and every item.

25.    a.    Was the vehicle in which plaintiff was an occupant equipped with:

    1.  A lap seat belt;
    2.  A chest or shoulder belt

    b.    At the time of the event, was plaintiff wearing the seat belt with which the vehicle was equipped?

**PLEASE TAKE FURTHER NOTICE**, that if the above demand is not complied with within the next twenty (20) days, an application will be made to preclude the Plaintiff from offering any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

Dated:  New York, New York
        December 16, 2021          Yours, etc.

                    BY:    *Curtis Sobel, Esq*.
                          CURTIS SOBEL, ESQ.
                          SOBEL PEVZNER, LLC
                          *Attorneys for Defendants*

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 32 of 65 PageID #: 37

**JUAN ROMAN and**
**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
**(212) 216-0020**

TO:   ASHLEY NICOLE JACOBY, ESQ.
      WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
      *Attorney for Plaintiff*
      **CHARLES L. LATIMORE**
      420 Lexington Ave. Suite 2700
      New York, NY 10170
      Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 33 of 65 PageID #: 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
CHARLES L. LATIMORE

Index No.: 511789/2021

                                    Plaintiff,                              **NOTICE TO PRODUCE**

        - against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

                                    Defendants.
-------------------------------------------------------------------x

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE** that pursuant to Section 3101 et seq., of the Civil Practice Law

and Rules, the undersigned hereby demands that the following be produced at the offices of

SOBEL PEVZNER, LLC, 30 Vesey Street, 8th Floor , New York, New York 10007 within twenty

(20) days of the date of the service of this demand:

1.    The names and addresses of all persons claimed by the plaintiff to have either witnessed the occurrence or have first-hand knowledge of same, or who have first-hand knowledge of facts and circumstances regarding this occurrence, whether such names were obtained by the plaintiff at the scene of the occurrence or were obtained thereafter by plaintiff's attorneys or representatives.  If no such persons are known to the plaintiff or representatives, so state in a written reply to this demand. See Zellman v. Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255.

2.    The names and addresses of all persons the plaintiff claims to be notice witnesses, whether obtained at the occurrence or any time thereafter, and regardless of how obtained.

3.    The names and addresses of any witnesses plaintiff intends to call during the damages phase of the trial of this litigation.

4.    The original or a clear, full and complete legible copy of any statement of the party or parties represented by the undersigned in the possession of any other party,

attorney or their representatives in this action. Such statements are deemed to include, but are not limited to, written statements, whether signed or unsigned, and oral statements which have been recorded, whether previously transcribed or not.

5.    Photographs, videos, surveillance videos/tapes under the control of any other party, their attorneys or representatives depicting:

    a)    the product, device or instrumentality which allegedly caused the injuries and damages alleged in the Verified Complaint;

    b)    the condition of the alleged accident sites as it existed immediately prior to, during and/or following the alleged occurrence.

    c)    depicting plaintiff's injuries.

6.    A list of all attorneys who have appeared in this action, together with the party or parties each such attorney represents sufficient to permit service of papers upon said attorneys and/or parties pursuant to C.P.L.R. 2103.

7.    Duly acknowledged and written authorizations directed to the appropriate party/business/employer of the plaintiff to allow the Defendants to obtain the employment records compiled on the plaintiff, for the time period from one (1) year prior to the date of the occurrence in question, through the present.

8.    Federal Income Tax Returns and a duly executed Department of the Treasury, Internal Revenue Service, Form 4506, including the plaintiff's Social Security number permitting the undersigned attorneys to obtain the plaintiff's Federal Income Tax returns for three years prior to the subject occurrence until the present.

9.    Plaintiff's identify any collateral source that reimbursed, replaced or indemnified or will reimburse, replace or indemnify in whole or in part the cost of the items for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss.

10.   Plaintiff furnish authorizations directing the release of all records pertaining to the reimbursement, replacement or indemnification of the costs of those items listed in paragraph "9" by collateral sources.

**PLEASE TAKE FURTHER NOTICE** that if the plaintiff or Plaintiff's representatives

obtain the names and/or addresses of any of the witnesses sought herein, such information is to be

furnished to the undersigned attorneys, who deem this to be a continuing demand. The

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 35 of 65 PageID #: 40

undersigned attorneys will object at the time of trial to the testimony of any person whose identity

is sought by this demand who is not so identified.

   **PLEASE TAKE FURTHER NOTICE** that a written communication enclosing the

aforementioned information may be sent to the undersigned attorneys prior to the above-mentioned

response time limit in lieu of a personal appearance.

Dated:  New York, New York
        December 16, 2021

                                    Yours, etc.


                          BY:    *Curtis Sobel, Esq*.
                                 CURTIS SOBEL, ESQ.
                                 SOBEL PEVZNER, LLC
                                 *Attorneys for Defendants*
                                 **JUAN ROMAN** and
                                 **A. DUIE PYLE, INC**
                                 30 Vesey Street, 8th Floor
                                 New York, New York 10007
                                 (212) 216-0020


TO:    ASHLEY NICOLE JACOBY, ESQ.
       WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
       *Attorney for Plaintiff*
       **CHARLES L. LATIMORE**
       420 Lexington Ave. Suite 2700
       New York, NY 10170
       Tel: 212-986-7353

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------x

CHARLES L. LATIMORE,

Plaintiff,

Index No.: 511789/2021

**EXPERT WITNESS**
**DEMAND**

- against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

Defendants.

-------------------------------------------------------------------x

**C O U N S E L O R S :**

**PLEASE TAKE NOTICE** that pursuant to Section 3101(d) of the Civil Practice Law and Rules, request is hereby made upon you to furnish the following within twenty days of service hereof:

1. The subject matter on which each expert is expected to testify including a specification of the specialty of the expert, and they are of medicine or other area in which his/her is expected to testify;

2. The sum and substance of the facts on which the expert is expected to testify, including any hypothetical facts that the expert has been asked to assume;

3. A recitation of each of the opinions of the expert;

4. A summary of the grounds for each expert's opinions including a specification of any real evidence, opinion evidence or facts on which each opinion is based;

5. A recitation of the qualifications of each expert setting forth the following:

   a) Whether or not the expert is Board Certified and if so, the name of the Certifying Board and the year that the expert was certified;

   b) The States(s) in which the expert is licensed to practice medicine, or other area of specialty;

c) The State(s) in which the expert regularly practices medicine, or other area of specialty;

d) The State in which the expert maintains his regular office for the practice of medicine or other specialty;

e) Any text, article, feature, published letter or other work authored, contributed to or edited by the expert identified by publication, volume number, date or other appropriate identifying matter including title, etc.;

f) The area of specialization regularly practiced by the expert;

g) The undergraduate school and the year of the graduation of the expert;

h) Any medical schools or other graduate and/or post-graduate and/or professional institutions attended by the expert including the years of attendance and graduation;

i) The internship, residency, fellowship and/or other specialized training of the expert, including years of attendance, institutions attended and years of graduation, if any;

j) Such other qualifications as the expert may possess.

6. With respect to each and every economist, actuary or other non-medical expert state the name and address of each such expert you expect to call as a witness at trial, in addition to the items requested above, also state in reasonable detail:

a) The subject matter of which each expert is expected to testify, including but not limited to projected items of expense, lost earnings or other loss, and present value of projected items;

b) The sum and substance of the facts and opinions on which the expert is expected to testify as to the matters set forth in response to subparagraph (a).

**PLEASE TAKE FURTHER NOTICE**, that this demand is continuing and you are

required to respond further when and if expert(s) or additional expert(s) are retained.

Dated:  New York, New York
         December 16, 2021              Yours, etc.

                    BY:    ***Curtis Sobel, Esq.***
                            CURTIS SOBEL, ESQ.
                            SOBEL PEVZNER, LLC
                            ***Attorneys for Defendants***
                            **JUAN ROMAN and**
                            **A. DUIE PYLE, INC**
                            30 Vesey Street, 8th Floor
                            New York, New York 10007
                            (212) 216-0020

TO:    ASHLEY NICOLE JACOBY, ESQ.
        WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
        ***Attorney for Plaintiff***
        **CHARLES L. LATIMORE**
        420 Lexington Ave. Suite 2700
        New York, NY 10170
        Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 39 of 65 PageID #: 44

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
CHARLES L. LATIMORE,                                    Index No.: 511789/2021

                              Plaintiff,                **MEDICAL DEMAND**

        - against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

                              Defendants.
-------------------------------------------------------------------x
**C O U N S E L O R S:**

        **PLEASE TAKE NOTICE** that pursuant to the Rules of Court, you are hereby required to

serve upon and deliver to the undersigned the following:

a)      Copies of all medical reports of those physicians who have previously treated or
        examined the party seeking recovery. These reports shall include a detailed recital
        of the injuries and conditions as to which testimony will be offered at trial, referring
        to and identifying X-Rays taken of the plaintiff and technicians reports relating
        thereto.

b)      Duly executed and acknowledged written HIPPA compliant authorizations
        permitting all parties to obtain and make copies of all hospital records and such
        other records, including X-Ray, Magnetic Resonance Imaging and CAT scan
        records and technician's reports and doctor's records, as pertain to the plaintiff.

c)      If an exacerbation is being claimed for injury to any body parts alleged in this
        action, and if plaintiff has received any medical treatment to those parts of the body,
        provide copies of all medical reports of those physicians who have previously
        treated or examined the party seeking recovery. These reports shall include a
        detailed recital of the injuries and conditions as to which testimony will be offered
        at trial, referring to and identifying X-Rays taken of the plaintiff and technicians
        reports relating thereto.

d)      If an exacerbation is being claimed for injury to any body parts alleged in  this
        action, and if plaintiff has received any medical treatment to those  parts of the
        body, provide duly executed and acknowledge HIPAA Verified Complaint
        authorizations permitting all parties to obtain and make copies Resonance

Imaging and Cat Scan records and technician's reports and doctors records, as pertain to the plaintiff prior to the commencement of this lawsuit to the present date.

e)    Duly executed authorization for all collateral source providers, including but not limited to No-Fault, Workers' Compensation, and/or any other medical coverage provided, regarding prior and/or subsequent injuries sustained to those body parts claimed by plaintiff in this action,

f)    Duly executed authorization for all non-privileged portions of any legal file pertaining to any lawsuit commenced by plaintiff regarding prior and/or subsequent injuries sustained to those body parts claimed by plaintiff in this action, including but not limited to plaintiff's Verified Bill of Particulars, Examinations Before Trial Transcripts and medical records.

Dated:  New York, New York
        December 16, 2021

                        Yours, etc.

              BY:    *Curtis Sobel, Esq*.
                     CURTIS SOBEL, ESQ.
                     SOBEL PEVZNER, LLC
                     *Attorneys for Defendants*
                     **JUAN ROMAN and**
                     **A. DUIE PYLE, INC**
                     30 Vesey Street, 8th Floor
                     New York, New York 10007
                     (212) 216-0020

TO:    ASHLEY NICOLE JACOBY, ESQ.
       WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
       *Attorney for Plaintiff*
       **CHARLES L. LATIMORE**
       420 Lexington Ave. Suite 2700
       New York, NY 10170
       Tel: 212-986-7353

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------x

CHARLES L. LATIMORE,

Index No.: 511789/2021

                        Plaintiff,

**DEMAND FOR DAMAGES**

    - against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

                        Defendants.

---------------------------------------------------------------x

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE that** the Defendants, JUAN ROMAN and A. DUIE PYLE,

INC., hereby demand that Plaintiff set forth the nature of and/or exact amount of damages sought,

pursuant to the Verified Complaint, **against the Defendants,** with specificity as to each cause of

action, at the office and post office address stated below.

Dated:  New York, New York
        December 16, 2021

                             Yours, etc.

                BY:   ***Curtis Sobel, Esq.***
                             CURTIS SOBEL, ESQ.
                             SOBEL PEVZNER, LLC
                             ***Attorneys for Defendants***
                             **JUAN ROMAN and**
                             **A. DUIE PYLE, INC**
                             30 Vesey Street, 8th Floor
                             New York, New York 10007
                             (212) 216-0020

TO:    ASHLEY NICOLE JACOBY, ESQ.
        WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
        ***Attorney for Plaintiff***
        **CHARLES L. LATIMORE**
        420 Lexington Ave. Suite 2700
        New York, NY 10170
        Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 42 of 65 PageID #: 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
CHARLES L. LATIMORE,

                                    Plaintiff,

- against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

                                    Defendants.
-----------------------------------------------------------------x

Index No.: 511789/2021

**NOTICE TO TAKE
DEPOSITION**

**COUNSELORS:**

**PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of the persons indicated below, or where no person is indicated, by an officer or director of each such entity with knowledge regarding the subject matter of this action, as an adverse party will be taken before a Notary Public who is not an attorney, or an employee of an attorney, for any prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the dates and times indicated below, with respect to evidence material and necessary in the prosecution/defense of this action.  That the said persons to be examined are required to produce at such examination all the books, records, documents, letters and memorandum under their possession or control containing any entry, memorandum or other matter in any way relevant to the facts and circumstances of this action; and upon the failure to produce same, parole or secondary evidence thereof will be given.

WITNESS/PLAINTIFF:          CHARLES L. LATIMORE,

DATE:                                  Wednesday, March 16, 2022

TIME:                                  10:00 A.M and continuing upon conclusion

PLACE:                               KINGS County, at a court reporting office to be
                                           designated

Dated:   New York, New York
             December 16, 2021                          Yours, etc.

                                           BY:    *Curtis Sobel, Esq*.
                                                    CURTIS SOBEL, ESQ.
                                                    SOBEL PEVZNER, LLC
                                                    *Attorneys for Defendants*
                                                    **JUAN ROMAN and**

Case 1:22-cv-01934-FB-CLP    Document 1-1    Filed 04/05/22    Page 43 of 65 PageID #: 48

**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:    ASHLEY NICOLE JACOBY, ESQ.
WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
*Attorney for Plaintiff*
**CHARLES L. LATIMORE**
420 Lexington Ave. Suite 2700
New York, NY 10170
Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 44 of 65 PageID #: 49

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
CHARLES L. LATIMORE,

Index No.: 511789/2021

Plaintiff,

**NOTICE DECLINING
SERVICE BY
ELECTRONIC
TRANSMITTAL**

- against -

JUAN ROMAN and
A. DUIE PYLE, INC.,

Defendants.

------------------------------------------------------------------------x

**C O U N S E L O R S :**

**PLEASE TAKE NOTICE,** that pursuant to CPLR 2103(b)(5), the office of SOBEL

PEVZNER, LLC will not accept service of papers by facsimile (FAX) transmittal or any other

electronic means.

Dated:  New York, New York
       December 16, 2021

Yours, etc.

BY:   ***Curtis Sobel, Esq.***
          CURTIS SOBEL, ESQ.
          SOBEL PEVZNER, LLC
          ***Attorneys for Defendants***
          **JUAN ROMAN and**
          **A. DUIE PYLE, INC**
          30 Vesey Street, 8th Floor
          New York, New York 10007
          (212) 216-0020

TO:   ASHLEY NICOLE JACOBY, ESQ.
      WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
      ***Attorney for Plaintiff***
      **CHARLES L. LATIMORE**
      420 Lexington Ave. Suite 2700
      New York, NY 10170
      Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 45 of 65 PageID #: 50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
CHARLES L. LATIMORE,

**Index No.: 511789/2021**

                            Plaintiff,

                                                 **DEMAND FOR SOCIAL**
                                                 **NETWORKING**
- against -                                      **INFORMATION**

JUAN ROMAN and A. DUIE PYLE, INC.,

                            Defendants.
------------------------------------------------------------------------x

COUNSELORS:

        PLEASE TAKE NOTICE, pursuant to C.P.L.R. §3120, that plaintiff is hereby required to

furnish upon the undersigned duly executed and acknowledged authorizations permitting the

undersigned to obtain copies of records from the following providers, and to preserve and

safeguard the same until the completion of litigation, within twenty (20) days of the service of this

demand:

**TWITTER:**

        a)      Authorization for release of all records and photographs to include the email
address associated with the account, username/handle.

        b)      If plaintiff has never had a Twitter account, provide an affidavit from
plaintiff stating same.

        c)      If plaintiff does not have a Twitter account presently, and have not had one
for two years prior to the date of loss, but have had an account in the past, provide an
affidavit to that effect.

**FACEBOOK:**

        a)      Authorization for release of all records and photographs to include the email
address associated with the account, username/handle.

b)      If plaintiff has never had a Facebook account, provide an affidavit from plaintiff stating same.

c)      If plaintiff does not have a Facebook account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

**MYSPACE:**

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

b)      If plaintiff has never had a MySpace account, provide an affidavit from plaintiff stating same.

c)      If plaintiff does not have a MySpace account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

**INSTAGRAM:**

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

b)      If plaintiff has never had a Instagram account, provide an affidavit from plaintiff stating same.

c)      If plaintiff does not have a Instagram account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

**VINE:**

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

b)      If plaintiff has never had a Vine account, provide an affidavit from plaintiff stating same.

c)      If plaintiff does not have a Vine account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## SNAPFISH:

   a) Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

   b) If plaintiff has never had a Snapfish account, provide an affidavit from plaintiff stating same.

   c) If plaintiff does not have a Snapfish account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## LINKEDIN:

   a) Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

   b) If plaintiff has never had a Linkedin account, provide an affidavit from plaintiff stating same.

   c) If plaintiff does not have a Linkedin account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## ALL OTHER SOCIAL NETWORKING SITES:

   a) Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

   b) If plaintiff has never had any other social networking accounts, provide an affidavit from plaintiff stating same.

   c) If plaintiff does not have any other social networking accounts presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

   **PLEASE TAKE FURTHER NOTICE** that any alteration or destruction of said social media websites would constitute spoliation of evidence. Please be aware that the laws and rules prohibit destruction of such evidence. Accordingly, please take every reasonable effort to preserve this information.

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 48 of 65 PageID #: 53

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any additional information is obtained after the date of this demand, such information is to be furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE,** that in the event of your failure to comply with this demand, the undersigned will seek dismissal of this action and such other relief as the Court may deem just and proper.

Dated:  New York, New York
       December 16, 2021              Yours, etc.

                    BY:    ***Curtis Sobel, Esq***.
                            CURTIS SOBEL, ESQ.
                            SOBEL PEVZNER, LLC
                            ***Attorneys for Defendants***
                            **JUAN ROMAN and**
                            **A. DUIE PYLE, INC**
                            30 Vesey Street, 8th Floor
                            New York, New York 10007
                            **(212) 216-0020**

TO:    ASHLEY NICOLE JACOBY, ESQ.
         WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
         ***Attorney for Plaintiff***
         **CHARLES L. LATIMORE**
         420 Lexington Ave. Suite 2700
         New York, NY 10170
         Tel: 212-986-7353

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
CHARLES L. LATIMORE,                                      Index No.: 511789/2021

                               Plaintiff,                 **DEMAND FOR**
                                                          **MEDICARE/MEDICAID**
          - against -                                     **INFORMATION**

JUAN ROMAN and A. DUIE PYLE, INC.,

                               Defendants.
-----------------------------------------------------------------------x

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR and 42 USC §1395y(b)(8)(A), the undersigned attorneys for the Defendants hereby demand that plaintiff furnish within thirty (30) days of service of this notice the following:

    1.    A statement as to whether the plaintiff has received benefits from either Medicare or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant action.  If so, please state and/or provide:

        a.    Plaintiff's full name;
        b.    Plaintiff's gender;
        c.    Plaintiff's date of birth;
        d.    Plaintiff's Social Security number;
        e.    Plaintiff's residence telephone number;
        f.    The Health Insurance Claim number and/or Medicare/Medicaid file number;
        g.    The address of the office handling the Plaintiff's Medicare and/or Medicaid file;
        h.    A duly executed authorization bearing Plaintiff's date of birth and Social Security Number or Health Insurance Claim Number permitting this firm and/or the representatives of Defendants(s) to obtain copies of Plaintiff's Medicare and/or Medicaid records.

    2.    State whether Medicare and/or Medicaid has a lien and the amount of any such lien.

    3.    Provide copies of all documents, records, memoranda, notes, etc., in Plaintiff's possession pertaining to Plaintiff's receipt of Medicare and/or Medicaid benefits, including copies

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 50 of 65 PageID #: 55

of all documents provided to or received from the Medicare and/or Medicaid administrator.

4. If any Medicaid and/or Medicare Secondary Payer (MSP) claims exist, please provide a copy of the claim summary from Medicare and/or Medicaid regarding those claims.

5. If the plaintiff has not received Medicare and/or Medicaid benefits in the past or is not receiving Medicare and/or Medicaid benefits now, state whether plaintiff is eligible to receive Medicare and/or Medicaid benefits.

6. If plaintiff has been receiving Medicare and/or Medicaid benefits and is now deceased, please provide the following:

a. Relationship of the administrator of Plaintiff's estate to Plaintiff's decedent;
b. Name and address of Plaintiff's administrator;
c. Telephone number and/or email address of Plaintiff's administrator;
d. Social Security Number of Plaintiff's administrator;
e. An authorization to examine and copy deceased's Medicare and/or Medicaid records.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR, this is a continuing demand and that you are required to serve the demanded information within thirty (30) days of the date of this demand.

If you do not possess the above-requested information, an affidavit to that effect should be submitted.

**PLEASE TAKE FURTHER NOTICE,** that failure to comply with this Demand for Medicare/Medicaid information may result in the necessity of a motion to compel discovery

Dated:  New York, New York
December 16, 2021

BY: *Curtis Sobel, Esq*.
CURTIS SOBEL, ESQ.
SOBEL PEVZNER, LLC
*Attorneys for Defendants*

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 51 of 65 PageID #: 56

**JUAN ROMAN and**
**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

TO:     ASHLEY NICOLE JACOBY, ESQ.
        WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
        *Attorney for Plaintiff*
        **CHARLES L. LATIMORE**
        420 Lexington Ave. Suite 2700
        New York, NY 10170
        Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP    Document 1-1    Filed 04/05/22    Page 52 of 65 PageID #: 57
INDEX NO. 511789/2021
RECEIVED NYSCEF: 12/16/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
CHARLES L. LATIMORE,

                          Plaintiff,

       - against

JUAN **ROMAN** and
A. DUIE PYLE, INC.,

                        Defendants.
-------------------------------------------------------------------------x

Index No.: 511789/2021

**NOTICE TO PRODUCE
PHOTOGRAPHS**

**PLEASE TAKE NOTICE,** that pursuant to Rule 3120 of the Civil Practice Law and Rules, the

undersigned attorneys for the **Defendants hereby demand that plaintiff** furnish within twenty (20)

days of service of this notice the following:

- Any photographs, negatives, blowups, photographic enhancements, enlargements, movies, videotapes, or other
  visual reproductions of the site of the accident at issues and/or of injuries claimed by the plaintiff(s) herein relating
  to the issues in this matter and/or of the vehicles allegedly involved and/or any other photographs, videotapes or
  other visual reproductions which any opposing party intends to introduce at trial. Include the date taken and/or
  modified and name and address of the photographer.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be furnished

to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE,** that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  New York, New York
           December 16, 2021            Yours, etc.

                   BY:    ***Curtis Sobel, Esq***.
                          CURTIS SOBEL, ESQ.
                          SOBEL PEVZNER, LLC

INDEX NO. 511789/2021
RECEIVED NYSCEF: 12/16/2021

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 53 of 65 PageID #: 58

*Attorneys for Defendants*
**JUAN ROMAN and
A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:    ASHLEY NICOLE JACOBY, ESQ.
       WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
       *Attorney for Plaintiff*
       **CHARLES L. LATIMORE**
       420 Lexington Ave. Suite 2700
       New York, NY 10170
       Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 54 of 65 PageID #: 59

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------------x
CHARLES L. LATIMORE,                                     Index No.: 511789/2021

                             Plaintiff,                   **NOTICE FOR DISCOVERY
                                                          AND INSPECTION OF
        - against                                         INCOME TAX AND
                                                          EMPLOYMENT
                                                          RECORDS**

JUAN **ROMAN** and
A. DUIE PYLE, INC.,

                             Defendants.
--------------------------------------------------------------------------x

**PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR, the undersigned attorneys

for the Defendants hereby demand that plaintiff furnish within twenty (20) days of service of this

notice the following:

- The names and addresses of all institutions, firms, corporations, partnerships, persons or others by whom
  the Plaintiff were employed by or from whom the Plaintiff received salary and/or income benefits for
  the three (3) years prior to Plaintiff's incapacitation as claimed herein and for one (1) year subsequent.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be furnished

to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE,** that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  New York, New York
        December 16, 2021

                                        Yours, etc.

                        BY:     *Curtis Sobel, Esq*.
                                CURTIS SOBEL, ESQ.
                                SOBEL PEVZNER, LLC
                                *Attorneys for Defendants*

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 55 of 65 PageID #: 60

**JUAN ROMAN and**
**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

TO:    ASHLEY NICOLE JACOBY, ESQ.
WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
*Attorney for Plaintiff*
**CHARLES L. LATIMORE**
420 Lexington Ave. Suite 2700
New York, NY 10170
Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 56 of 65 PageID #: 61

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------------x

CHARLES L. LATIMORE,

                              Plaintiff,

    - against

JUAN ROMAN and A. DUIE PYLE, INC.,

                              Defendants.

----------------------------------------------------------------------x

Index No.: 511789/2021

**NOTICE FOR
DISCOVERY
AND INSPECTION FOR
COLLATERAL SOURCE
REIMBURSEMENT**

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR, the undersigned attorneys

for the Defendants hereby demand that plaintiff furnish within twenty (20) days of service of this

notice the following:

- Any and all books, records, bills, insurance applications, insurance receipts, cancelled checks, copies of checks and any and all other records pertaining to collateral source reimbursement received by plaintiff or on behalf of Plaintiff's special damages alleged in the instant lawsuit.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be furnished

to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  New York, New York
          December 16, 2021

\

                                Yours, etc.

                      BY:    ***Curtis Sobel, Esq***.
                                CURTIS SOBEL, ESQ.
                                SOBEL PEVZNER, LLC
                                ***Attorneys for Defendants***
                                **JUAN ROMAN and**

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 57 of 65 PageID #: 62

**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
**(212) 216-0020**

TO:    ASHLEY NICOLE JACOBY, ESQ.
WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
***Attorney for Plaintiff***
**CHARLES L. LATIMORE**
420 Lexington Ave. Suite 2700
New York, NY 10170
Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 58 of 65 PageID #: 63

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
CHARLES L. LATIMORE,                                    Index No.: 511789/2021

                              Plaintiff,                **DEMAND FOR**
                                                        **WORKERS'**
     - against                                          **COMPENSATION**
                                                        **RECORDS**
JUAN **ROMAN** and
A. DUIE PYLE, INC.,

                              Defendants.
------------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR, the undersigned attorneys

for the Defendants hereby demand that plaintiff furnish within twenty (20) days of service of this

notice the following:

- The Plaintiff's complete Workers' Compensation records or provide duly executed authorizations permitting said Defendants to inspect and obtain complete copies of said workers' compensation records of Plaintiff's employer and the New York State Workers' Compensation Board with respect to the injuries allegedly sustained in the incident which is the subject of the instant lawsuit, including but not limited to complete transcripts of all testimony given.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be furnished

to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  New York, New York
        December 16, 2021                    Yours, etc.

                         BY:   *Curtis Sobel, Esq*.
                               CURTIS SOBEL, ESQ.
                               SOBEL PEVZNER, LLC

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 59 of 65 PageID #: 64

*Attorneys for Defendants*
**JUAN ROMAN and**
**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:   ASHLEY NICOLE JACOBY, ESQ.
      WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
      *Attorney for Plaintiff*
      **CHARLES L. LATIMORE**
      420 Lexington Ave. Suite 2700
      New York, NY 10170
      Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 60 of 65 PageID #: 65

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
CHARLES L. LATIMORE,

                                 Plaintiff,

     - against

JUAN ROMAN and A. DUIE PYLE, INC.,

                                 Defendants.
-------------------------------------------------------------------x

Index No.: 511789/2021

**NOTICE OF DISCOVERY
AND INSPECTION OF
BIRTH CERTIFICATE**

**PLEASE TAKE NOTICE,** that the plaintiff is hereby required to produce for discovery, inspection and copying by counsel for the Defendants copies of the birth certificates of the plaintiff in the above captioned matter. It is requested that the aforesaid production be made within twenty (20) days of the date herein.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any additional information is obtained after the date of this demand, such information is to be furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE,** that in the event of your failure to comply with this demand, the undersigned will seek dismissal of this action and such other relief as the Court may deem just and proper.

Dated:  New York, New York
         December 16, 2021

                    Yours, etc.

        BY:   ***Curtis Sobel, Esq***.
                    CURTIS SOBEL, ESQ.
                    SOBEL PEVZNER, LLC
                    ***Attorneys for Defendants***
                    **JUAN ROMAN and**
                    **A. DUIE PYLE, INC**

30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:     ASHLEY NICOLE JACOBY, ESQ.
        WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
        *Attorney for Plaintiff*
        **CHARLES L. LATIMORE**
        420 Lexington Ave. Suite 2700
        New York, NY 10170
        Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP Document 1-1 Filed 04/05/22 Page 62 of 65 PageID #: 67

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
CHARLES L. LATIMORE,

                      Plaintiff,

     - against

JUAN ROMAN and A. DUIE PYLE, INC.,

                    Defendants.
------------------------------------------------------------------------x

Index No.: 511789/2021

**DEMAND FOR
STATEMENTS**

**PLEASE TAKE NOTICE**, that pursuant to CPLR Section 3101 et seq., the undersigned attorneys

for the Defendants hereby demand that plaintiff furnish within twenty (20) days of service of this

notice the following:

- The original of each and every statement and other writing taken or received by said Plaintiff or their
  representative attorneys, agents or representatives, from JUAN ROMAN and A. DUIE PYLE, INC., or
  any employee or agent of said Defendants and permitting said Defendants or the undersigned acting on
  behalf of said Defendants to inspect and copy such statement and writing.

  a) The aforesaid production may be compiled by sending a true copy of each aforementioned
     statement and writing to the undersigned within the time hereinbefore specified.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

Notice, the undersigned will more to preclude plaintiff(s) or other opposing party from introducing

into evidence and from otherwise using each aforementioned statement and writing

for any purpose whatsoever, upon the trial of this action.

Dated:  New York, New York
         December 16, 2021

                                 Yours, etc.

                    BY:   ***Curtis Sobel, Esq***.
                             CURTIS SOBEL, ESQ.
                             SOBEL PEVZNER, LLC
                             ***Attorneys for Defendants***
                             **JUAN ROMAN and**
                             **A. DUIE PYLE, INC**
                             30 Vesey Street, 8th Floor

INDEX NO. 511789/2021
RECEIVED NYSCEF: 12/16/2021

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 63 of 65 PageID #: 68

New York, New York 10007
(212) 216-0020

TO:   ASHLEY NICOLE JACOBY, ESQ.
WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
*Attorney for Plaintiff*
**CHARLES L. LATIMORE**
420 Lexington Ave. Suite 2700
New York, NY 10170
Tel: 212-986-7353

Case 1:22-cv-01934-FB-CLP   Document 1-1   Filed 04/05/22   Page 64 of 65 PageID #: 69

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
CHARLES L. LATIMORE,

                                        Plaintiff,

          - against -

JUAN ROMAN and A. DUIE PYLE, INC.,

                                        Defendants.
------------------------------------------------------------------------x

Index No.: 511789/2021

**AFFIDAVIT OF
SERVICE**

I, RIMMA M. SHULMAN, being sworn, states:  I am not a party to the within action, am over 18 years of age and reside in Ocean County New Jersey.

On December 16, 2021, I served the within **VERIFIED ANSWER, DEMAND FOR VERIFIED BILL OF PARTICULARS, NOTICE TO PRODUCE, EXPERT WITNESS DEMAND, MEDICAL DEMAND, DEMAND FOR SOCIAL NETWORKING INFORMAITON, DEMAND FOR DAMAGES, NOTICE TO TAKE DEPOSITION, NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL AND DEMAND PURSUANT TO SECTION 111 OF THE MMSEA, NOTICE TO PRODUCE PHOTOGRAPHS, NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND EMPLOYMENT RECORDS, NOTICE FOR DISCOVERY AND INSPECTION FOR COLLATERAL SOURCE REIMBURSEMENT, DEMAND FOR WORKERS' COMPENSATION RECORDS, NOTICE OF DISCOVERY AND INSPECTION OF BIRTH CERTIFICATE, DEMAND FOR STATEMENTS** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

TO:     ASHLEY NICOLE JACOBY, ESQ.
        WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
        Attorney for Plaintiff
        420 Lexington Ave. Suite 2700,
        New York, NY 10170
        Tel: 212-986-7353

                                        RIMMA M. SHULMAN

Sworn to before me this
16th of December, 2021

NOTARY PUBLIC
Michelle Renee Katzman
Notary Public, State of New York
No. 02KA6336139
Qualified in Queens County
Commission Expires January 25, 20__

1 of 1

Case 1:22-cv-01934-FB-CLP Document 1-1 Filed 04/05/22 Page 65 of 65 PageID #: 70

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

CHARLES L. LATIMORE,

Plaintiff,

against -

JUAN ROMAN and   A. DUIE PYLE, INC.,

Defendants.

**VERIFIED ANSWER**
**DEMAND FOR VERIFIED BILL OF PARTICULARS**
**NOTICE TO PRODUCE**
**EXPERT WITNESS DEMAND**
**MEDICAL DEMAND**
**DEMAND FOR DAMAGES**
**NOTICE TO TAKE DEPOSITION**
**DEMAND FOR SOCIAL NETWORKING INFORMAITON**
**NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL**
**DEMAND PURSUANT TO SECTION 111 OF THE   MMSEA**
**NOTICE TO PRODUCE PHOTOGRAPHS**
**NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND**
**EMPLOYMENT RECORDS**
**NOTICE FOR DISCOVERY AND INSPECTION FOR COLLATERAL SOURCE**
**REIMBURSEMENT**
**DEMAND FOR WORKERS' COMPENSATION RECORDS**
**NOTICE OF DISCOVERY AND INSPECTION OF BIRTH CERTIFICATE**
**DEMAND FOR STATEMENTS**

Signature (Rule 130-1.1-a)
*CURTIS SOBEL, ESQ.*

CURTIS SOBEL, ESQ.
SOBEL PEVZNER, LLC
Attorneys for Defendants
**JUAN ROMAN and**
**A. DUIE PYLE, INC**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020